Case No.: 1:18-cv-00357-RWS

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CHITTRANJAN "CHUCK" THAKKAR and DCT SYSTEMS GROUP, LLC,

Appellants,

v.

BAY POINT CAPITAL PARTNERS, LP, BAY POINT ADVISORS LLC,
CHARLES ANDROS, JOHN DOE 1 and JOHN DOE 2,

Appellees.

On Appeal from the
United States Bankruptcy Court for the Northern District of Georgia
Adversary Case No: 17-05248-wlh
Bankruptcy Case No: 15-58440-wlh
Removed from Superior Court of Fulton County, Georgia
Case No: 2017CV294607

## BRIEF FOR THE APPELLANTS

Devin B. Phillips
Eric J. Nathan
WEENER & NATHAN LLP
5887 Glenridge Drive, N.E., Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

(1)     The undersigned counsel of record for a party to this action certifies that the following is a full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party:

**Andros, Charles (Appellee)**

**Bay Point Advisors LLC (Appellee)**

**Bay Point Capital Partners, LP (Appellee)**

**DCT Systems Group, LLC (Appellant)**

**Thakkar, Chittranjan "Chuck" (Appellant)**

(2)     The undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

**None**

(3)     The undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

**Devin B. Phillips**
**Eric J. Nathan**
**Philip H. Weener**

**Weener & Nathan, LLP**
**5887 Glenridge Drive, NE**
**Suite 275**
**Atlanta, Georgia 30328**
*Attorneys for the Appellants*

**John F. Isbell**
**Garrett A. Nail**
**Thompson Hine LLP**
**Two Alliance Center**
**3560 Lenox Road, Suite 1600**
**Atlanta, Georgia 30326**
*Attorneys for the Appellees*

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT…………..…………….........................C-1

TABLE OF AUTHORITIES..………………………………..…....ii

PART ONE: STATEMENT OF FACTS....................................................1

PART TWO: ENUMERATIONS OF ERROR…......…..…………………4

    I.     Enumeration of Error.....................................................4

    II.    Statement of Jurisdiction..............................................4

PART THREE: ARGUMENT...............................................4

    I.     Standard of Review......................................................4

    II.    Argument.....................................................................5

CONCLUSION …………………………………..……….......13

CERTIFICATE OF COMPLIANCE...................................................15

CERTIFICATE OF SERVICE………..…………….....……………..…..15

# <u>TABLE OF AUTHORITIES</u>

## CASES

100 Lakeside Trail Trust v. Bank of America, N.A.,
  342 Ga.App. 762, 769 (2017)........................................................12

Automatic Sprinkler Corp. of America v. Anderson,
  243 Ga. 867, 867-869 (1979)........................................................9

Barnhart v. Thomas,
  540 U.S. 20, 26 (2003)................................................................9

Brenstein v. Comm'r of Internal Revenue,
  No. 23559-15, 2017 WL 3822904 at 6* (T.C. Aug. 30, 2017)......................9

Capital Health Mgmt. Group v. Hartley,
  301 Ga.App. 812, 817 (2009)........................................................6

Colwell v. Royal Int'l Trading Corp.,
  226 B.R. 713, 717 (S.D. Fla.1998)...................................................4

Davenport v. Bank of Am., N.A.,
  No. 1:13-cv-4025 AT, 2014 U.S. Dist. LEXIS 189332 (N.D. Ga. Aug. 4,
  2014)................................................................................11, 12

Edward v. BAC Home Loans Servicing, L.P.,
  534 F.App'x 888 (11th Cir. 2013)...............................................11, 12

Howard Piano Co. v. Glover,
  7 Ga.App. 548 (1910)................................................................12

Hunting Aircraft, Inc. v. Peachtree City Airport Auth.,
  281 Ga.App. 450, 451 (2006)........................................................5

Hunting Aircraft, *supra*,

     281 Ga.App at 453-454.....................................................................9

In re Calvert,

     907 F.2d 1069, 1071 (11th Cir. 1990)..............................................4

Kleiner v. First Nat. Bank of Atlanta,

     581 F.Supp. 955, 960 (1984)............................................................7

Lanier v. Romm,

     131 Ga.App. 531, 534-535 (1974)..................................................12

Moody v. Amoco Oil Co.,

     734 F.2d 1200, 1210 (7th Cir. 1984)............................................4, 5

Rigby v. Boatright,

     330 Ga.App. 181, 185 (2014).........................................................6

Turner v. Williams,

     29 Ga.App. 751 (1923)..................................................................11

ULQ, LLC v. Meder,

     293 Ga.App  176, 180 (2008).........................................................6

**Federal Statutes, Rules, Regulations**

28 U.S.C. § 158(a)(1)....………………………………………...........4

**Georgia Statutes, Rules, Regulations**

O.C.G.A. § 13-4-24…………………………………………......10, 11

## **BRIEF OF THE APPELLANT**

### **PART ONE: STATEMENT OF FACTS**

Appellant Chittranjan "Chuck" Thakkar and DCT Systems Group, LLC ("Appellants") appeal an order entered by the United States Bankruptcy Court Northern District of Georgia Atlanta Division on January 12, 2018 (the "Order"), which granted Appellees Bay Point Capital Partners, LP, Bay Point Advisors LLC, and Charles Andros ("Appellees") motion for judgment on the pleadings (Doc. 1-2). The Order disposed of Appellants' Complaint for Damages filed in Fulton County Superior Court on August 25, 2017, amended on September 13, 2017, and removed to the United States Bankruptcy Court on September 27, 2017 (Doc. 2-9).

The complaint details a dispute arising out of a Settlement Agreement between the Parties. Pursuant to the terms of the underlying Settlement Agreement, Appellees purchased certain loans extended by non-party Wells Fargo to Appellants and their other, affiliated companies. (Doc. 2-9). Prior to the Settlement Agreement, on May 4, 2015, Appellants, along with other companies affiliated with Appellants, filed for relief under Chapter 11 of the United States Bankruptcy Code (Doc. 2-9). The Settlement Agreement was approved by the bankruptcy court (Doc. 2-1). The Settlement Agreement and its subsequent amendments required Appellants' to make certain settlement payments by May 1, 2017, and the bankruptcy court applied a five (5) business day cure period, which brought the payment due date to May 9, 2017

1

(Doc. 2-9). Appellants' obligations under the Settlement Agreement were secured by certain collateral located at 5100 Peachtree Industrial Blvd. and 5150 Peachtree Industrial Blvd., Atlanta, Georgia (Doc. 2-9).

On May 2, 2018, Appellee filed notice of default regarding settlement agreement with the bankruptcy court (Doc. 2-6). The bankruptcy court entered an order granting Appellees relief from stay, and specifically stated:

> Bay Point is hereby authorized to exercise (in Bay Point's sole discretion), any and all rights and remedies Bay Point has under the Loan Documents, the Settlement Agreement, the Approval Order, and applicable law, including, without limitation, the right to record any or all of the Deeds in Lieu, and to pursue foreclose rights and remedies (including, but not limited to, conducting sales under power and confirming such sales) with respect to any or all of the Encumbered Property; provided, however, that Bay Point has agreed to only record the deeds in lieu relating to 5100 and 5150 Peachtree Industrial Boulevard, Norcross, Georgia.

(Doc. 2-6).

Appellees advertised a foreclosure sale of 5100 and 5150 Peachtree Industrial Blvd., to be conducted on September 5, 2017 (Doc. 2-9). On September 3, 2017, Appellants, through their counsel at the time John A. Christy of Schreeder, Wheeler, & Flint, LLP, tendered payment of $2,800,000.00 to Appellees and advised Appellees that the full $2,800,000.00 was in escrow (Doc. 2-9). The correspondence strictly stated that the tender was unconditional and was for complete and final payment of the debt owed to Appellees. (Doc. 2-9).

2

Appellants complaint alleged that Appellees breached an implied duty of good faith and fair dealing when Appellees exercised the remedy of foreclosure and took properties worth not less than $8,000,000.00, despite being owed only approximately $2,700,000.00 (Doc. 2-9). The Complaint further alleged that Appellees foreclosure was wrongful because Appellant Chuck Thakkar escrowed $2,800,000.00 as tender to Appellees prior to the foreclosure sale (Doc. 2-9). Despite Appellants tender of the full amount remaining owing as of that date under the Settlement Agreement, Appellees moved forward with the foreclosure sale of the property (Doc. 2-9).

In response to Appellants Amended Complaint, on October 13, 2017 Appellees filed a Motion for Judgment on Pleadings (Doc. 2-11) and the bankruptcy court granted the motion (Doc. 1-1). The Order restated the language of the Approval Order, then buttressed that position by stating "[t]he terms of the [Approval] order specifically permitted Bay Point CP to exercise any and all rights and remedies under the Settlement Agreement, including the right to foreclose" (Doc. 1-1).

On January 23, 2018 Appellants filed a Notice of Appeal and Statement of Election, stating the bankruptcy court erred when it 1) held that a breach of an express provision of the Settlement Agreement was required to invoke the implied duty of good faith and fair dealing; 2) held that Appellees were not required to

exercise its discretion in their election of remedies in good faith; and 3) that Appellants' tender of the full amount owed was not effective tender (Doc. 2-16).

## PART TWO: ENUMERATIONS OF ERROR
### I.        ENUMERATION OF ERROR

(1)    The bankruptcy court erred when it held that a breach of an express provision of the Settlement Agreement was required to invoke the implied duty of good faith and fair dealing;

(2)    The bankruptcy court erred when it held that Appellees were not required to exercise their discretion in their election of remedies in good faith; and

(3)    The bankruptcy court erred when it held that that Appellants' tender of the full amount owed was not effective tender.

## II.        STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal of an order that had the effect of fully and finally terminating the case below pursuant to 28 U.S.C. § 158(a)(1).

## PART THREE: ARGUMENT
### I.        STANDARD OF REVIEW

Conclusions of law made by a bankruptcy court are subject to plenary, or *de novo* review. In re Calvert, 907 F.2d 1069, 1071 (11th Cir. 1990). "*De Novo* review requires the [district] Court to make a judgment independent of the bankruptcy court's, without deference to that court's analysis and conclusions." Colwell v. Royal Int'l Trading Corp., 226 B.R. 713, 717 (S.D. Fla.1998)(quoting Moody v.

Amoco Oil Co., 734 F.2d 1200, 1210 (7th Cir. 1984). In this case, the issues on appeal concern the proper application of legal principles; accordingly, the proper standard of review is *de novo*.

## II. ARGUMENT

**(1)    First Enumeration of Error: The bankruptcy court erred when it held that a breach of an express provision of the Settlement Agreement was required to invoke the implied duty of good faith and fair dealing;**

    a.  *Appellees exercised their contractual remedies in bad faith.*

Generally speaking, under Georgia law "every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." Hunting Aircraft, Inc. v. Peachtree City Airport Auth., 281 Ga.App. 450, 451 (2006). The court in Hunting Aircraft, Inc. v. Peachtree City Airport Auth. went on to state that:

> [s]pecifically, we have held that this implied duty requires both parties to a contract to perform their promises and provide such cooperation as is required for the other party's performance. And, *whether the manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith.*

Id. at 452. The term "good faith" refers to "considerations of fairness and commercial reasonableness." Id. at 453.

"The requirement that a party exercise good faith and honest judgment, even where the contractual language grants the party discretion, arises from the implied duty of good faith and fair dealing imposed upon virtually every contract under Georgia law." Capital Health Mgmt. Group v. Hartley, 301 Ga.App. 812, 817 (2009). When the decision to enforce a contractual right is motivated by an improper pecuniary motive it is not made in good faith. Rigby v. Boatright, 330 Ga.App. 181, 185 (2014); See, e.g., ULQ, LLC v. Meder, 293 Ga.App  176, 180 (2008)(court of appeals upheld the trial court's denial of summary judgment because the moving party's election to terminate an officer, which pursuant to the terms of the subject employment contract it had the discretion to do, for the purpose of indirect personal pecuniary gain constituted unreasonableness or failure to act in good faith).

Here, like in ULQ v. Meder, Appellee elected a remedy for the purpose of personal pecuniary gain that they were not entitled to. The outstanding balance pursuant to the strict terms of the Settlement Agreement was $2,700,000.00. Appellant escrowed funds in the amount of $2,800,000.00, an amount greater than was owed, and advised Appellees the funds were available. Appellees ignored Appellant's tender and foreclosed the collateral because the collateral was worth exponentially more than the outstanding debt; therefore, Appellees elected the remedy for personal pecuniary gain they were not entitled to. While the Appellees

6

may have enjoyed a contractual right to exercise the remedy of foreclosure, it did not have a right to the pecuniary gain that they unjustly obtained.

In another illustrative case decided by this Court, the Court held that "where an agreement permits one party to unilaterally determine the extent of the other's performance, an obligation of good faith in making such a determination is implied. Kleiner v. First Nat. Bank of Atlanta, 581 F.Supp. 955, 960 (1984). In Kleiner, borrowers sued a lender for miscalculating interest and causing the borrower to overpay interest on promissory and real estate notes. Id. The Court explained, in footnote 5, because the interest rate was set unilaterally by the bank, the bank may have had an obligation to estimate in good faith the lowest interest rate it expected to offer on loans, or, the interest rate that caused the least financial harm to the borrower and did not grant the bank an unjust pecuniary gain. Id. at Footnote 5.

Here, pursuant to the exact terms of the Settlement Agreement and the Approval Order, Appellees had sole discretion to exercise rights and remedies. According to Kleiner, Appellees had an implied good faith obligation to exercise its available remedies in a manner that did not harm Appellants and did not result in an unjust pecuniary gain to Appellees. Appellees instead chose to foreclose on Property that was worth not less than $8,000,000.00, despite Appellants being owed only approximately $2,700,000.00.

The bankruptcy court held that a breach of an express provision of the contract is required to invoke the implied duty of good faith; however, that holding is illogical. If there was a breach of an express contract provision then Appellant would not need to rely on an implied duty; indeed, the Appellant's cause of action would simply be for breach of the express term of the Settlement Agreement. The implied duty arises here because Appellee exercised a contractual right that it is entitled to but exercised that right in bad faith. At the time of foreclosure, Appellants had already tendered $2,800,000.00 into escrow and notified Appellees of the availability of those funds. It was within the Appellees' discretion to elect *not to* foreclose as there was a pending tender for an amount greater than the outstanding debt.

The bankruptcy court held that Appellee was entitled to judgment as a matter of law on Appellant's claim for breach of good faith and fair dealing; therefore, its decision is reviewed *de novo*. The court's ruling is contradictory to Georgia law; specifically, the allegations supporting Appellants' claim for breach of duty of good faith and fair dealing stated that Appellees exercised their contractual right in bad faith. Appellants plead enough facts to state a claim to relief that was plausible on its face and the bankruptcy court's decision to grant Appellees' motion for judgment on the pleadings should be reversed.

b.  *Appellees' discretion under the Settlement Agreement was not absolute or uncontrolled.*

Georgia law states that the only exception to the rule that parties must exercise good faith when enforcing contracts is when an agreement by its express terms grants one party absolute or uncontrolled discretion in making a decision. Hunting Aircraft, *supra*, 281 Ga.App at 453-454; See e.g. Automatic Sprinkler Corp. of America v. Anderson, 243 Ga. 867, 867-869 (1979)(discretion was absolute where contract stated that the decision was "entirely within the discretion of the corporation" and the corporation's discretion was "absolute").

According to the "last antecedent rule," Appellees' discretion was not absolute or uncontrolled. When a parenthetical phrase is used in contract or a court order, it modifies the last antecedent, not the clause that follows the parenthetical. See e.g., Brenstein v. Comm'r of Internal Revenue, No. 23559-15, 2017 WL 3822904 at 6* (T.C. Aug. 30, 2017)("A modifying phrase is normally read to modify the nearest plausible antecedent); Barnhart v. Thomas, 540 U.S. 20, 26  (2003)("[A] limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows").

The Settlement Agreement and Approval Order specifically state that "Bay Point is hereby authorized to exercise (in Bay Point's sole discretion) any and all rights and remedies Bay Point has under the Loan Documents, the Settlement

9

Agreement as amended and revised by agreement or order, the Approval Order, and applicable law . . ." According to the last antecedent rule, the antecedent for "in Bay Point's sole discretion," is "exercise" not "any and all rights and remedies." It was within Appellees' discretion to exercise remedies, not to exercise the remedy that was most harmful to Appellants and that afforded Appellants personal pecuniary gain they were not entitled to. According to the last antecedent rule, Appellants discretion was not absolute or uncontrolled in regard to which remedy they elected; therefore, the bankruptcy court erred and its decision to grant Appellees' motion for judgment on the pleadings should be reversed.

**(2)     Second Enumeration of Error: the bankruptcy court erred when it held that that Appellants' tender of the full amount owed was not effective tender.**

To support its decision to grant Appellees' motion for judgment on the pleadings regarding Appellants' claim for wrongful foreclosure, the bankruptcy court relied on 11th Circuit cases that are clearly distinguishable from Appellants' situation. The bankruptcy court's review of the case law regulating proper tender is not incorrect, but it is not applicable to the particular set of facts alleged by Appellants in their Complaint.

The Georgia Code states that tender properly made may be equivalent to performance if such tender is certain and unconditional, except for a receipt in full or delivery of the obligation and may be made by an agent. O.C.G.A. § 13-4-24. The

two 11th Circuit cases heavily relied on by the bankruptcy court as examples are
Davenport v. Bank of Am., N.A., No. 1:13-cv-4025 AT, 2014 U.S. Dist. LEXIS
189332 (N.D. Ga. Aug. 4, 2014) and Edward v. BAC Home Loans Servicing, L.P.,
534 F.App'x 888 (11th Cir. 2013). First, in Davenport, the plaintiff responded to a
foreclosure notice by mailing correspondence titled "Tender of Payment/Release of
Security" with a copy of a certified check payable to the bank. The court found that
production of a copy of a check was not production of actual funds. Then, in Edward
v. BAC, plaintiffs sent a letter offering to tender payment without including actual
money with the letter, but only promised to do so at a future meeting.

Here, on September 3, 2017, through their former counsel John A. Christy,
Appellants represented in writing that the full $2,800,000.00 was tendered in escrow.
Appellants did not make an empty promise of a future meeting, did not enclose a
copy of a check; instead, Appellants sent a letter via their agent and attorney, a
respected member of the Georgia Bar, stating specifically that the funds were
tendered into escrow.

In Georgia, under the express provisions of O.C.G.A. § 13-4-24, tender may
be made by an agent. Turner v. Williams, 29 Ga.App. 751 (1923). Appellants' tender
was not a copy of a check as in Davenport, it was not a promise to tender payment
at a future meeting as in Edward, Appellants' tender was via its agent and attorney
stating the full amount of the debt owed to Appellees pursuant to the Settlement

11

Agreement was in escrow, a standard practice in the legal profession. Appellants' facts supporting its argument for tender are completely distinguishable from Davenport and Edward.

Further, the bankruptcy court also held that Appellants' tender was conditional. Under Georgia law, for tender to be effective it must be unconditional "except for a receipt in full or delivery of the obligation." 100 Lakeside Trail Trust v. Bank of America, N.A., 342 Ga.App. 762, 769 (2017). Applying that principle, the Georgia court of appeals held that "[A] tender of money is not vitiated by being coupled with a demand for a receipt for the amount paid, or, if the indebtedness be represented by a writing, by being coupled with a demand for the writing, if extinguished by the payment. Lanier v. Romm, 131 Ga.App. 531, 534-535 (1974) quoting Howard Piano Co. v. Glover, 7 Ga.App. 548 (1910). The court in Lanier went on to say that when a creditor holds collateral or other security upon the property of the debtor, the failure to accept a lawful tender discharges the lien which was intended to secure payment. Id. at 535. Upon proper tender being made, the debtor is entitled to a satisfaction of the lien, or to be restored to possession of the property. Id.

As discussed above, the Appellees failed to accept Appellants' tender; further, Appellees fully ignored Appellants tender and instead chose to foreclose on the collateral securing Appellants' debt, the value of which far exceeded the debt owed

by Appellants to Appellees. According to Georgia law, when Appellees chose to ignore Appellants' valid tender, Appellees were required to satisfy its lien or interest in the property or restore possession to Appellants.

The bankruptcy court disregarded the authority cited *supra*. Instead, the bankruptcy court granted Appellees' motion for judgment on the pleadings, finding Appellants failed to plead enough facts to state a claim to relief that was plausible on its face. This Court's review of Appellants' appeal is *de novo* and without deference to the bankruptcy court's analysis or conclusions; therefore, this Court, by applying the above-cited authority to the facts as plead in Appellants' Complaint, should conclude that Appellants' tender was valid, that Appellees ignored said tender and chose to foreclose on the property when Appellees were required to satisfy its lien or surrender possession of the property to Appellants, and that Appellants' wrongful foreclosure claim, supported by valid tender of the full amount due and owing, was a claim for relief that was plausible on its face. The bankruptcy court's decision that tender was not valid should be reversed.

### III. CONCLUSION

For each of the foregoing reasons, the Appellant respectfully requests that this Court reverse the bankruptcy court's Order granting judgment on the pleadings as a matter of law to the Appellees regarding Appellants claims for breach of the duty of good faith and fair dealing and wrongful foreclosure. Construing the evidence in

favor of the Appellants, the pleadings in Appellants' Verified Amended Complaint plead enough facts to state a claim to relief that was plausible on its face and accordingly Appellants' claims should have survived the motion for judgment on the pleadings.

**This** 28th day of March, 2018.

Respectfully submitted,

**WEENER & NATHAN, LLP**

/s/ Devin B. Phillips
Devin B. Phillips
Georgia Bar No. 189782

5887 Glenridge Drive N.E.
Suite 275
Atlanta, Georgia 30328
Telephone: 770-392-9004
dphillips@wnllp.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this 28th day of March, 2018, the brief complies with the type-volume limitation set forth in Rule 8015(a)(7)(B) of the Federal Rules of Bankruptcy Procedure.  This brief uses Times New Roman 14-point typeface and contains 3867 words.

<u>/s/ Devin B. Phillips</u><br>
Devin B. Phillips

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that I electronically filed the foregoing *Brief for the Appellants* with the Clerk of Court using this Court's CM/ECF system which will automatically provide notice to the following attorney of record by electronic means:

John F. Isbell<br>
Garrett A. Nail<br>
Thompson Hine LLP<br>
Two Alliance Center<br>
3560 Lenox Road, Suite 1600<br>
Atlanta, Georgia 30326<br>
john.isbell@thompsonhine.com; garrett.nail@thompsonhine.com<br>
*Attorneys for Appellees*

**This** 28th day of March, 2018.

<u>/s/ Devin B. Phillips</u><br>
Devin B. Phillips<br>
Georgia Bar No. 189782<br>
*Attorney for the Appellants*

**WEENER & NATHAN, LLP**
5887 Glenridge Drive, NE
Suite 275
Atlanta, Georgia 30328
Telephone: (770) 392-9004
Facsimile: (770) 522-9004